IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-773-BO

| | | |
|---|---|---|
| RICHARD AKNOUK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the government's motion to dismiss pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, proceeding *pro se*, has

responded, and the motion is ripe for ruling. For the reasons discussed below, the motion to

dismiss is granted.

## BACKGROUND

Plaintiff filed this action in Wake County District Court against the Commissioner of the

Social Security Administration for harassment related to an overpayment situation. The

government removed the matter to this Court on November 5, 2014, pursuant to 28 U.S.C. §

1442, and substituted the United States as the proper defendant pursuant to 28 U.S.C. § 2679.

## DISCUSSION

The Federal Tort Claims Act (FTCA) provides the sole waiver of sovereign immunity for

tort actions against the United States. 28 U.S.C. §§ 2671, *et seq.* Under the FTCA, no action

shall be instituted against the United States on a claim for damages for injury caused by an

employee acting within the scope of his employment unless the claimant "shall have first

presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing sent by certified or registered mail." 28 U.S.C. § 2675(a). Because the FTCA's requirement that a claimant file an administrative claim is jurisdictional and may not be waived, "dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency." *Henderson v. United States*, 785 F.2d 121, 123-24 (4th Cir. 1986).

Neither plaintiff's complaint nor his response to the instant motion demonstrates that he has administratively exhausted his claim, and thus this Court is without subject matter jurisdiction to consider it. Fed. Civ. R. 12(b)(1); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999) (plaintiff has the burden of proving subject matter jurisdiction when challenged). Moreover, even if the Court were to have subject matter jurisdiction over plaintiff's claim, his complaint, which contains four bare assertions, contains no facts which would plausibly suggest that plaintiff is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, dismissal for failure to state a claim, is also appropriate. Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 4] is GRANTED and this action is DISMISSED in its entirety. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this $3\mathcal{D}$ day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2